**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JULIUS JORDAN PARKER,

      Petitioner–Appellant

v.

MARTY SIRMONS, WARDEN;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents–Appellees.

No. 10-5024
(D.C. No. 4:06-CV-00603-TCK-PJC)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Julius Jordan Parker seeks a certificate of appealability ("COA") to appeal the

denial of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss the appeal.

Parker was convicted in Oklahoma state court of robbery with a firearm,

knowingly concealing stolen property, possession of a stolen vehicle, and possession of a

firearm after a prior felony conviction. The Oklahoma Court of Criminal Appeals

("OCCA") affirmed his conviction on direct appeal. Parker then filed a § 2254 petition in

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

federal district court. The district court denied Parker's petition and his request for a COA. Parker timely appealed.

Parker may not proceed on appeal absent a grant of a COA by this court. § 2253(c)(1)(A). To obtain a COA, Parker must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We may grant federal habeas relief only if the OCCA's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1), (2).

Parker contends that he was denied his right to effective assistance of counsel at both the trial and appellate levels. To prevail on a claim of ineffective assistance, Parker must demonstrate: (1) he was deprived of "reasonably effective assistance" of counsel; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Parker advances four particular claims of ineffectiveness.

First, he contends that his trial counsel was ineffective for failing to introduce his booking photograph into evidence. But Parker fails to demonstrate prejudice: His counsel thoroughly questioned a witness who identified Parker as the man who robbed

her, and the witness admitted that Parker's physical appearance in the booking photograph differed from her initial description to police. Nonetheless, she remained certain in her identification. Introducing the photograph would not have undermined her credibility to any significantly greater degree.

Parker also claims trial counsel was ineffective for failing to challenge a prior felony conviction that satisfied an element of his firearm conviction. But because Parker presents no argument or evidence showing that his prior conviction could have been challenged successfully, he has failed to establish prejudice. In his third ineffective assistance of trial counsel claim, Parker argues that counsel should have objected when the prosecutor asked jurors to imagine themselves in the "victim's shoes" in considering whether her identification of Parker was reliable. But Parker does not address the district court's conclusion that the prosecutor was merely commenting on evidence in the record in response to defense attempts to discredit the witness. As with his first two claims, Parker fails to show prejudice. Finally, Parker makes a bare assertion that appellate counsel was ineffective, but provides no facts or legal arguments to support this claim. We will not review an asserted error in the absence of supporting argument. See Am. Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir. 1992).

In addition to his ineffectiveness claims, Parker argues that the district court violated his due process rights by failing to instruct the jury on Oklahoma's "85 percent rule," which requires certain convicts to serve eighty-five percent of their sentences

before becoming eligible for parole.  <u>See</u> Okla. Stat. tit. 21, § 13.1.  Although the OCCA has held that trial courts are required to instruct jurors on the 85 percent rule before sentencing as a matter of state law, <u>Anderson v. State</u>, 130 P.3d 273, 282-83 (Okla. Crim. App. 2006), the federal courts have not so held.[1]  "A habeas petitioner is only entitled to relief . . . for alleged violations of federal rights, not for errors of state law."  <u>Bullock v. Carver</u>, 297 F.3d 1036, 1055 (10th Cir. 2002) (citation omitted).  The OCCA's affirmance of Parker's conviction therefore did not violate clearly established federal law.

For the foregoing reasons, we **DENY** the request for a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] The United States Supreme Court has held that trial courts are constitutionally required to inform the jury as to parole eligibility in certain capital cases.  <u>See, e.g.</u>, <u>Simmons v. South Carolina</u>, 512 U.S. 154, 156 (1994) (plurality opinion).  However, this rule applies "only when, assuming the jury fixes the sentence at life, the defendant is ineligible for parole under state law."  <u>Ramdass v. Angelone</u>, 530 U.S. 156, 166 (2000) (quotation omitted).